UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 00-6120-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

         Plaintiff,

v.

RAQUEL CARY ANN MICHELLE WONG,

         Defendant.

_____/

*Filed*
REC'D by _____ D.C.

JUL 1 0 2000

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D OF FLA. - MIAMI

**GOVERNMENT'S PROPOSED
JURY INSTRUCTIONS**

The United States of America respectfully requests the Court
to instruct the jury in accordance with the attached proposed
special and offense-related instructions in addition to the Pattern
Jury Instructions normally given by this Court in criminal trials.
In so requesting, the United States expressly reserves the right to
request additional instructions as appropriate in light of the
evidence introduced and defenses raised through the remainder of
the trial.

         Respectfully submitted,

         GUY A. LEWIS
         UNITED STATES ATTORNEY

By:    _____

         ROGER W. POWELL
         ASSISTANT UNITED STATES ATTORNEY
         Florida Bar No.:  341411
         PH:(954) 356-7255;FAX: 356-7336
         500 E. Broward Blvd., Suite 700
         Fort Lauderdale, Florida 33394



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the

foregoing was faxed this **10TH** day of **July, 2000** to:

Mr. Andre D. Pierre, Esq.
Attorney for Defendant Wong
6301 Biscayne Boulevard, Suite 101
Miami, FL 33138

ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

2

**INSTRUCTION NO. 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 00-6120-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RAQUEL CARY ANN MICHELLE WONG,

        Defendant.

_____/

**JURY INSTRUCTIONS**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Indictment.

_____
Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction - Introduction 1.

-1-

## INSTRUCTION NO. 2

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations.    The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 2.2 - Duty to Follow Instructions, Presumption of Innocence (When Any Defendant Does Not Testify).

-2-

**(ALTERNATE 2)**
**INSTRUCTION NO. 2**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 2.1 - Duty to Follow Instructions, Presumption of Innocence.

-3-

**INSTRUCTION NO. 3**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.     If you are not convinced, say so.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 3 - Definition of Reasonable Doubt.

-4-

## INSTRUCTION NO. 4

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.    "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 4.2 - Consideration of the Evidence, Direct and Circumstantial - Argument of Counsel, Comments by the Court.

### INSTRUCTION NO. 5

Now, in saying that you must _consider_ all of the evidence, I do not mean that you must _accept_ all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular fact in dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the thing he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 5 - Credibility of Witnesses.

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 6.3 - Impeachment -- Inconsistent Statement
(Defendant Testifies With No Felony Conviction).

(ALTERNATE 6)
**INSTRUCTION NO. 6**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 6.1 - Impeachment -- Inconsistent Statement.

-8-

INSTRUCTION NO. 7

Count 1. False Statement In Application For
United States Passport
18 USC § 1542

Title 18, United States Code, Section 1542 makes it a separate
Federal crime or offense for a person willfully and knowingly to
make a false statement in an application for passport with the
intent to induce or secure the issuance of a passport under the
authority of the United States, either for her own use or for the
use of another, contrary to the laws or regulations governing the
issuance of passports.

The regulations governing the issuance of passports provide,
in part, that the passport applicant shall truthfully answer all
questions.

The Defendant can be found guilty of this offense only if all
of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant made a statement she knew was
          untrue in an application for passport and, in so
          doing, did not truthfully answer one or more
          questions;

Second:   That the Defendant did so with the intent to induce
          or secure the issuance of a passport by the United
          States, either for her owe use or for the use of
          another; and

Third:    That the Defendant acted willfully and with
          knowledge of the falsity.

A statement is "false" when made if it is untrue and is then
known to be untrue by the person making it.  It is not necessary to

-9-

show, however, that the government agency was in fact deceived or misled.

---

Sources: <u>United States v. O'Bryant</u>, 775 F. 1528, 1535 (11th Cir. 1985); <u>United States v. Ramos</u>, 725 F.2d 1322, 1323-24 (11th Cir. 1984); 22 C.F.R. § 51.20; <u>United States v. Philippe DeMirza</u>, Case No. 87-240-CR-NESBITT(s)(May-July 1988); Eleventh Circuit Pattern Jury Instructions (1997), Offense Instruction 32 governing 18 U.S.C. § 1001.

### INSTRUCTION NO. 8

COUNT 2. False Impersonation Of A Citizen
18 U.S.C. § 911

Title 18, United States Code, Section 911, makes it a Federal
crime or offense for anyone to falsely and willfully impersonate a
citizen of the United States.

The Defendant can be found guilty of that offense only if all
of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant was an alien at
          the time alleged in the indictment;

Second:   That   the   Defendant   falsely
          represented herself to be a citizen
          of the United States, as charged;
          and

Third:    That the Defendant made such false
          representation   knowingly   and
          willfully.

An "alien" is any person who is not a citizen of the United
States.

American citizenship is acquired by birth within the United
States, or through judicial proceedings known as "naturalization."
One is also a citizen, even though born outside the United States,
if both parents were citizens and one of them had a residence in
the United States prior to the birth.

The Immigration and Naturalization Service is the agency
having jurisdiction, supervision and control over the entry of
aliens into the United States, and officers of that agency have the
right to administer oaths, and to take and consider evidence,

-11-

concerning the right or privilege of any alien to enter, re-enter,

pass through or remain in the United States.

_____
Eleventh Circuit Pattern Jury Instruction (1997)
Offense  Instruction  28  -  False  Impersonation  Of  A  Citizen
(modified).

## INSTRUCTION NO. 9

COUNT 3. Perjury
18 U.S.C. § 1621

Title 18, United States Code, Section 1621, makes it a Federal crime or offense for anyone having duly taken an oath, to willfully and knowingly state material matters which she does not believe to be true.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant testified under oath before a competent passport agent of the Department of State, in an application for a United States passport that she was born in the U.S. Virgin Islands and was a citizen of the United States;

Second:   That the testimony by the Defendant was false;

Third:    That at the time she testified, the Defendant knew such testimony was false;

Fourth:   That the Defendant voluntarily and intentionally gave such testimony; and

Fifth:    That the false testimony was material.

False testimony is "material" if the testimony is capable of influencing the U.S. Department of State on the issue before it.

Eight Circuit Pattern Jury Instruction (2000)
Elements of Offense Instruction 6.18.1621 - Perjury (modified).

-13-

## INSTRUCTION NO. 10

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

---

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 9.1 - On or About -- Knowingly -- Willfully.

-14-

## INSTRUCTION NO. 11

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Eleventh Circuit Pattern Jury Instruction (1997)
Basic Instruction 10.2 - Caution--Punishment (Single Defendant --
Multiple Counts).

## INSTRUCTION NO. 12

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instruction (1997)
Basic Instruction 11 - Duty to Deliberate.

-16-

## INSTRUCTION NO. 13

When you go into the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

### [ Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instruction (1997)
Basic Instruction 12 - Verdict.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 00-6120-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RAQUEL CARY ANN MICHELLE WONG,

       Defendant.
_____/

## **VERDICT**

    WE, THE JURY, FIND: the defendant Raquel Cary Ann Michelle
Wong,

As to Count 1     _____
                      GUILTY/NOT GUILTY

As to Count 2     _____
                      GUILTY/NOT GUILTY

As to Count 3     _____
                      GUILTY/NOT GUILTY


as charged in the Indictment.

So say we all.


_____          _____
       FOREPERSON                            DATE

-18-

# MANUAL OF
# MODEL CRIMINAL
# JURY INSTRUCTIONS

### for the

### DISTRICT COURTS OF THE
### EIGHTH CIRCUIT

Prepared by

Judicial Committee on Model
Jury Instructions
For the Eighth Circuit

### 2000 Edition

ST. PAUL, MINN.
WEST GROUP
2000

### 6.18.1621  PERJURY (18 U.S.C. § 1621)

The crime of perjury, as charged in [Count _____ of] the indictment, has five essential elements, which are:

*One*, the defendant testified under [oath] [affirmation] (describe proceeding, e.g., at the trial of *Smith v. Jones*) that (insert alleged false testimony);

*Two*, the testimony so given was false; [1]

*Three*, at the time he testified, the defendant knew such testimony was false;

*Four*, the defendant voluntarily and intentionally [2] gave such testimony; and

*Five*, the false testimony was material.[3]

False testimony is "material" if the testimony is capable of influencing (insert name of tribunal, etc.) on the issue before it.

(Insert paragraph describing Government's burden of proof; *see* Instruction 3.09. *supra*.)

#### Committee Comments

*See* 2 Edward J. Devitt, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Criminal §§ 43.01–43.12 (4th ed. 1990); Ninth Cir. Crim. Jury Instr. 8.29.1 (1997).

A witness testifying under oath or affirmation violates this statute [18 U.S.C. § 1621] if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory.

*United States v. Dunnigan*, 507 U.S. 87, 94 (1993). *See also United States v. Swink*, 21 F.3d 852, 857 (8th Cir.1994) (listing elements of a violation of section 1621).

The Committee believes that for section 1621 purposes, the issue of what is "a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered" presents a question of law and need not be submitted to the jury.

**6.18.1621**                           CRIMINAL INSTRUCTIONS

The materiality of the perjurious testimony is an essential element of this offense. *E.g., United States v. Qaisi,* 779 F.2d 346 (6th Cir.1985). Most courts of appeals have held that materiality is a question of law for the trial court. *See, e.g., United States v. Ashby,* 748 F.2d 467, 470 (8th Cir.1984); *United States v. Larranaga,* 787 F.2d 489, 494 (10th Cir.1986); *United States v. Lighte,* 782 F.2d 367, 372 (2d Cir.1986). Presumably, materiality is now a question of fact for the jury to decide under *United States v. Gaudin,* 515 U.S. 506 (1995).

A statement which is literally true cannot support a conviction even if it was intended to be misleading. *Bronston v. United States,* 409 U.S. 352 (1973); *United States v. Lighte,* 782 F.2d at 374.

However, each question and answer must be considered in its own context and in relation to the questions and answers given before and after the alleged perjurious testimony. In *United States v. Williams,* 552 F.2d 226, 229 (8th Cir.1977), the court stated:

> In *Bronston,* however, the Court dealt only with a literally true declarative statement and not with the situation presented by Williams' "No" answers, the truth or falsity of which can only be ascertained in the context of the question asked. *See United States v. Williams,* 536 F.2d 1202, 1205 (7th Cir.1976); *United States v. Chapin,* 515 F.2d 1274, 1280, *cert. denied,* 423 U.S. 1015 (1975). If the response given was false as the defendant understood the question, his conviction is not invalidated by the fact that his answer to the question might generate a number of different interpretations. *United States v. Chapin, supra; United States v. Parr,* 516 F.2d 458, 470 (5th Cir.1975).

In a case where a defendant sufficiently raises the defense of literal truthfulness, the jury should be instructed on this issue. Likewise, if the context of the alleged false testimony is important in determining the truth or falsity of the testimony, e.g., where the ambiguity of the question or answer is raised, this principle should also be instructed upon. *See United States v. Bonacorsa,* 528 F.2d 1218 (2d Cir.), *cert. denied,* 426 U.S. 935 (1976). *See* Eleventh Circuit Pattern Jury Instruction: Criminal (Offense) § 50 (1997); Fifth Circuit Patten Jury Instructions: Criminal § 2.69 (1997); Seventh Circuit Federal Jury Instructions: Criminal, at 276–80 (1999) for possible instructions.

In a section 1621 prosecution, the defendant must have acted knowingly and willfully. *United States v. Edwards,* 443 F.2d 1286, 1294 (8th Cir.), *cert. denied,* 404 U.S. 944 (1971); *Spaeth v. United States,* 218 F.2d 361, 363 (6th Cir.1955). These mental states are expressed in the third and fourth elements of this instruction.

In order to fall within section 1621, the false testimony must
have been given under oath or affirmed. *United States v. Plascen-
cia–Orozco*, 768 F.2d 1074, 1076 (9th Cir.1985). When requested,
the defendant is entitled to an instruction on the two-witness rule,
which requires in perjury prosecutions that the falsity of the
defendant's statement must be proved by the testimony of two
witnesses or the testimony of one witness plus corroborating evi-
dence. *See Weiler v. United States*, 323 U.S. 606, 607 (1945);
*LaRocca v. United States*, 337 F.2d 39, 44 (8th Cir.1964). The
following language may be used to express the two-witness rule:

> You are instructed that the testimony of one witness is not
> enough to support a finding that the defendant's testimony was
> false. There must be additional evidence—either the testimony
> of another person, or documentary evidence, or other evi-
> dence—which tends to support the testimony's falsity. The
> other evidence, standing alone, need not convince you beyond a
> reasonable doubt that the testimony was false. But, after
> considering all of the evidence on the subject, you must be
> convinced beyond a reasonable doubt that the testimony was
> false.

2 Edward J. Devitt, et al., FEDERAL JURY PRACTICE AND
INSTRUCTIONS: Criminal § 43.05 (4th ed. 1990); Ninth Cir.
Crim. Jury Instr. 8.29.1 (1997).

Where the defendant's allegedly false statement is "I don't
know" or "I don't remember," the two-witness rule rarely can be
applied. In such cases, circumstantial evidence standing alone can
be used to prove the defendant knowingly lied. *Gebhard v. United
States*, 422 F.2d 281, 288 (9th Cir.1970); *United States v. Nicoletti*,
310 F.2d 359, 361–63 (7th Cir.1962), *cert. denied*, 372 U.S. 942
(1963).

### Notes on Use

1. In many cases, more than one specification of perjury or
*more than one false declaration is charged in a single count of an*
indictment. Typically these charges are in the disjunctive. In those
cases, the jury should be instructed as follows:

> You need not find that all of the alleged false statements in
> each count of the indictment are false; instead, you must find
> unanimously and beyond a reasonable doubt that at least one
> *of the statements set out in a particular count of the indict-*
> ment is false.

*Vitello v. United States*, 425 F.2d 416 (9th Cir.), *cert. denied*, 400
U.S. 822 (1970); *United States v. Dilworth*, 524 F.2d 470 (5th

Cir.1975); *Arena v. United States*, 226 F.2d 227, 236 (9th Cir.1955), *cert. denied*, 350 U.S. 954 (1956); 2 Edward J. Devitt, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Criminal § 43.03 (4th ed. 1990).

2. The Committee doubts that intent to deceive the court or jury is an element. Neither 2 Edward J. Devitt, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Criminal § 43.03 (4th ed. 1990) nor S. Saltzburg & H. Perlman, FEDERAL CRIMINAL JURY INSTRUCTIONS § 50.01 (1985) includes this element, but in their notes, Saltzburg and Perlman quote *United States v. Rose*, 215 F.2d 617, 622–23 (3d Cir.1954), in describing the requisite mental state as "[k]nowingly making a false statement with the intent to deceive." Neither of the cases cited by *Rose* supports that assertion.

Despite its unexplained assertion unsupported by the cases it cites (dealing with willfulness, not intent to deceive), *Rose* has spawned a series of cases that apply its intent-to-deceive language and merely cite back to *Rose. See, e.g., United States v. Goguen*, 723 F.2d 1012, 1020 (1st Cir.1983) (citing *Beckanstin, infra*, to effect that section 1621 requires intent to deceive); *Beckanstin v. United States*, 232 F.2d 1, 4 (5th Cir.1956) (citing *Rose* for proposition that intent to deceive is an element).

Although the Committee has found no cases saying that *Rose* is wrong, there is some support in the language of *Bronston v. United States*, 409 U.S. 352 (1973), for the position that there is no intent-to-deceive element in section 1621. The issue in *Bronston* was "whether a witness may be convicted for perjury for an answer that is literally true but not responsive to the question asked and arguably misleading by negative implication." Answering in the negative, the Court supplied the following analysis:

> It is no answer to say that here the jury found that petitioner intended to mislead his examiner. A jury should not be permitted to engage in conjecture whether an unresponsive answer, true and complete on its face, was intended to mislead or divert the examiner; the state of mind of the witness is relevant only to the extent that it bears on whether "he does not believe [his answer] to be true." To hold otherwise would be to inject a new and confusing element into the adversary testimonial system we know.

*Id.* at 359. *See also United States v. Debrow*, 346 U.S. 374, 376 (1953) [elements include "(3) a false statement wilfully made as to acts material to the hearing" but no mention of intent to deceive; issue was sufficiency of the indictment].

ELEMENTS OF OFFENSES                    **6.18.1621**

3. The Committee has added materiality as an element for the jury to decide in light of *United States v. Gaudin*, 515 U.S. 506 (1995). *See also United States v. Swink*, 21 F.3d 852, 857 (8th Cir.1994).